IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QI CHEN ) | |
| ) | |
| Plaintiff, ) | Case No. 22-cv-05530 |
| ) | |
| v. ) | Judge John R. Blakey |
| ) | |
| THE INDIVIDUALS, PARTNERSHIPS, ) | Magistrate Young B. Kim |
| AND UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE "A" ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION TO VACATE ORDER REQUIRING SUBMISSION OF MOTION FOR PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Qi Chen ("Plaintiff" or "Chen") hereby moves this Honorable Court to vacate its order of November 28, 2022 requiring Plaintiff to move for preliminary injunction upon sanction of dismissal or, in the alternative, for an extension of time to comply with or otherwise respond to the Order. In support of her request, Plaintiff submits the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.      BACKGROUND AND PROCEDURAL HISTORY**

1.      Plaintiff filed her initial Complaint on October 10, 2022, and her Amended Complaint on October 11, 2022, to combat the willful and intentional infringement of Copyright Registration No. 2-301-296, which has an effective registration date of May 25, 2022. (D.E. 1, 5 ¶¶ 5, 7).

2.      On October 12, 2022, in order to facilitate the investigation of her claims, including the identity and location of Defendants and to avoid additional harm, Plaintiff moved for a temporary restraining order and expedited discovery. (D.E. 12, 11, respectively).

1

3. In her Motion for a TRO, (hereinafter, "the Motion for TRO") Plaintiff set out her basis for the Court's exercise of jurisdiction over the Defendants as follows:

> This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District. (Docs. 5 at ¶¶ 2-4, 24-25; 7 at ¶ 15, 19, 24). Venue in this District is proper under 28 U.S.C. §§ 1391(b) and/or 1400(a). (Doc. 5 at ¶¶ 5-7). This Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Defendant Internet Stores. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products marketed with the Chen Works. [Doc. 5 at ¶¶ 2, 4, 5, 15, 24, 26, 34-35, 49]; see, e.g., *Couture v. Liu*, No. 15 C 6324 at *2, 5-6, 9 (N.D. Ill. Nov. 17, 2015) (personal Jurisdiction proper over defendant offering to sell alleged infringing product to United States residents, including Illinois; no actual sale required).

[D.E. 12 at 4]

4. The specific allegations of the First Amended Complaint and the Declaration of Qi Chen relied upon by Plaintiff in the Motion for TRO in support of the Court's exercise of personal jurisdiction over Defendants are as follows:

***First Amended Complaint***

a) Defendants are subject to personal jurisdiction in this judicial district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Illinois and the Northern District of Illinois, through at least the internet based e-commerce stores accessible in Illinois and operating under the Seller IDs. [D.E. 5 at ¶ 2]

b) Defendants are subject to personal jurisdiction in this judicial district because Plaintiff's claims arise out of the purposeful direction of Defendants towards consumers in the state of Illinois through the advertisement, offer to sell, sale, and/or shipment of goods sold. [D.E. 5 at ¶ 3]

c) Alternatively, defendants are subject to personal jurisdiction in this district

2

|   |   |
|---|---|
|   | pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws. [D.E. 5 at ¶ 4] |
| d) | Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3) because defendants are subject to the court's personal jurisdiction and not resident in the United States and therefore there is no district in which an action may otherwise be brought. [D.E. 5 at ¶ 5] |
| e) | Defendants are individuals and businesses who conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces identified in Schedule "A." Each Defendant targets the United States, including Illinois, and has solicited, marketed, promoted, and advertised their products in a manner that violates Plaintiff's rights in her federally protected Chen Works. [D.E. 5 at ¶24] |
| f) | While the Defendants' true identities and locations are now unknown to Plaintiff, upon information and belief, Defendants are individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions … In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend this Amended Complaint. [D.E. 5 at ¶25] |
| g) | Plaintiff's success in utilizing the Chen Works to market and promote sales of the retail items depicted therein has resulted in widespread infringement. Plaintiff has identified numerous domain names linked to marketplace listings on platforms such as Walmart.com, including the Defendant's Seller ID's, which were offering, marketing, soliciting, and advertising to consumers in this Judicial District and throughout the United States in a manner that violates Plaintiff's exclusive copyright in the Chen Works. [D.E. 5 at ¶26] |

***From the Declaration of Qi Chen***

|   |   |
|---|---|
| a) | In order to counter widespread infringement of the Chen Works, I, with the assistance of others under my supervision and direction, have undertaken an investigation which has established that Defendants are using various storefronts on at least the Walmart.com ecommerce platform to sell products to consumers in the United States and the State of Illinois, including the Northern District of Illinois, utilizing my Chen Works without authorization. [D.E. 7 at ¶15] |
| b) | I personally analyzed each of the screenshots and photographs of the products shown in Exhibit Three and determined that products are being offered for sale to residents of the United States and the State of Illinois utilizing the unauthorized and infringing copies of the Chen Works. I reached this conclusion through visual |

     inspection of the photographs and screenshots included in Exhibit Three as they appeared on Defendants' online stores. [D.E. 7 at ¶19]

 c) Review and analysis of Exhibits Three, attached hereto, shows that Defendants are individuals and businesses who conduct business throughout the United States, including within the State of Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces identified therein. Each Defendant targets the United States, including Illinois, and has offered to sell and/or has sold and/or continues to sell and offer for sale products to consumers within the United States, including Illinois and in this Judicial District, utilizing my Chen Works. [D.E. 7 at ¶24]

 5. On October 14, 2022, the Court granted Plaintiff's *ex parte* motion for TRO:

> This Court further finds that it has personal jurisdiction over the defendants since the defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products utilizing Plaintiff's photography series "Chen Works." (hereinafter, "Chen Works") The Chen Works are registered in the United States with assigned U.S. Copyright Registration No. VA2-301-296.

[D.E. 17 at 1-2]

 6. On October 20, 2022, Plaintiff moved to amend the TRO to include specific language insisted upon by the Clerk of Court regarding the form in which Plaintiff might submit the injunction bond anticipated in the TRO. [D.E. 18]

 7. On October 24, 2022, Plaintiff moved to extend the TRO by fourteen days. [D.E. 19]

 8. On November 1, 2022, Plaintiff submitted its initial motion for preliminary injunction. [D.E. 20]

 9. On November 2, 2022, Defendant No. 22, Picniva, appeared through counsel. [D.E. 26]

 10. On November 7, 2022, the Court granted Plaintiff's motions to amend/correct and to extend the TRO. [Doc. 28]

11. The extended TRO entered by the Court on November 7, 2022 contains the identical jurisdictional statement included in the original TRO, *supra* ¶ 5. [D.E. 17 at 1-2; 30 at 1-2]

12. Also on November 7, 2022, Defendant No. 11, jinhuashiyizhanzhiwenzhimaoyiyouxiangongsi, a Chinese corporation or limited company, *pro se*, (hereinafter, "the *Pro Se* Movant") submitted a motion to dismiss for lack of personal jurisdiction and improper venue and opposition to Plaintiff's motion for preliminary injunction, unverified and unsupported by any declarations or affidavits. [Doc. 31]

13. On November 8, 2022, Plaintiff appeared to present her Motion for Preliminary Injunction. Defendants 21, 8, 37 and 40 appeared through counsel. The *Pro Se* Movant did not appear. The Court denied Plaintiff's motion for preliminary injunction without prejudice and ordered that an amended motion for preliminary injunction with proposed order should be presented by November 10, 2022. [Doc. 32]

14. Plaintiff timely filed her amended motion for preliminary injunction on November 10, 2022 [Doc. 33] and submitted her proposed order to the Court's proposed order box.

15. On November 10, 2022, Defendants 8, 37 and 40 formally appeared.

16. On November 10, 2022, the Court denied Plaintiff's renewed motion for preliminary injunction on the grounds that the proposed order submitted by Plaintiff articulated the basis for jurisdiction differently from the statement contained in the TRO, characterizing the language contained in the proposed order as a new representation. [Doc. 37] The Court also denied the *Pro Se* Movant's motion to dismiss as moot following Plaintiff's notice of settlement. [*Id*.] The Court's order ended by stating that "[i]f Plaintiff can offer additional facts to support

5

the exercise of personal jurisdiction and the maintenance of this suit here, it may seek reconsideration of today's ruling." [*Id*.]

17. On November 28, 2022, the Court *sua sponte* entered an order stating, in pertinent part, "the Court advised Plaintiff that if it could offer additional facts to support the exercise of personal jurisdiction and the maintenance of this lawsuit here, it could seek reconsideration. To date, Plaintiff has taken no action in response to the Court's order. If Plaintiff fails to respond by 12/6/22, the Court will assume that Plaintiff cannot support the exercise of personal jurisdiction and dismiss the case. The Court denies without prejudice Defendants' motions to set a briefing schedule 38 and motion to extend time 39. Unless and until Plaintiff makes some showing that personal jurisdiction exists here, the Court will not require Defendants to appear and defend." [Doc. 40]

18. On December 6, 2022, contemporaneous to the instant motion, Plaintiff moved for leave to file a Second Amended Complaint. (D.E. 41)

19. Plaintiff now moves to vacate the Court's order requiring Plaintiff to move for preliminary injunction upon sanction of dismissal or, in the alternative, for an extension of time to submit her renewed motion for preliminary injunction based upon Plaintiff's request for leave to file a Second Amended Complaint and the basis stated within Plaintiff's Motion For Leave to File Second Amended Complaint. (D.E. 41)

**II.     SUMMARY OF THE ARGUMENT**

Plaintiff respectfully requests for the Court to vacate its order and enter an order requiring briefing on jurisdiction where parties have not appeared *or* where Plaintiff moves for default judgment. After all, Plaintiff seeks leave to amend the Amended Complaint, the *Pro Se* Movant's Motion to Dismiss has been found moot, and no other Defendants who have appeared petitioned

6

on the issue of personal jurisdiction at the hearing on preliminary injunction. As a result, a dismissal, under these circumstances, would be unduly harsh and unnecessary. In the alternative, Plaintiff requests for an extension of time which would permit her to proceed with time to file her Second Amended Complaint and proceed accordingly.

**III.  ARGUMENT**

As discussed below, in certain limited circumstances where defendants have not appeared or a motion for default judgment is pending, a court may raise the issue of personal jurisdiction *sua sponte*. However, after a diligent search, Plaintiff has found no instance in which any court has ordered a plaintiff to move for preliminary injunction to determine the issue of personal jurisdiction or risk dismissal. Plaintiff respectfully submits that this Court need not pursue the harsh sanction of dismissal based on personal jurisdiction when the *Pro Se* Movant was not properly represented, no other defendant has raised the issue and the instant case is not yet in the posture for default judgment.

A district court generally should not *sua sponte* dismiss claims based on a lack of personal jurisdiction because the defendant may waive the defense. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-05, 12 S. Ct. 2099, 72 L. Ed. 2d 492 (1982). Courts have deviated from this rule in rare cases. *See, e.g., Sun v. Asher*, No. 91-2646, 1992 WL 205671, at *4 (7th Cir. Aug. 20, 1992) (affirming *sua sponte* dismissal of claim based on personal jurisdiction where court had previously dismissed similar claim on same basis); *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (affirming *sua sponte* dismissal on personal jurisdiction grounds where defendant did not appear and plaintiff sought default judgment); *AirFX, LLC v. Braun*, 2011 U.S. Dist. LEXIS 131629, *7-9 (S.D. Ind. 2011) (granting a defendant's motion to dismiss for lack of jurisdiction and *sua*

*sponte* dismissing plaintiff's claims against a non-moving defendant for the same reasons); *First Nat. Bank of Louisville v. Bezema*, 569 F. Supp. 818, 819 (S.D. Ind. 1983) (holding that a court may *sua sponte* dismiss for lack of personal jurisdiction if appropriate where a defendant has not appeared).

In contrast, where a party has appeared, the Court should not raise the issue on it own. *See E360 Insight v. Spamhaus Project*, 500 F.3d 594, 599 (7th Cir. 2007) ("We see no reason to require the district court to raise *sua sponte* affirmative defenses, which may, of course, be waived or forfeited, on behalf of an appearing party who elects not to pursue those defenses for itself."); *O'Brien v. R.J. O'Brien Associates, Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993) ("once the defendant has waived objections based on insufficiency of process and submitted generally to the jurisdiction of the court, the court is powerless to dismiss the suit for lack of personal jurisdiction."); *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("Because personal jurisdiction can be waived by a party, a district court should not raise personal jurisdiction *sua sponte* when a defendant has appeared and consented . . . to the jurisdiction of the court.")

The practice of a court raising the issue of personal jurisdiction *sua sponte* has been the subject of judicial criticism. *See Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 118-19 (2d Cir. 2015) (Korman, J.) (concurrence) ("[W]e should exercise restraint here in light of this case's troubling procedural posture, arising as it does from a default judgment. There is something wrong when a case or controversy, to the extent that it exists, is principally between a plaintiff and the judges deciding the case."); *A&B Alt. Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 175 n.2 (E.D.N.Y. 2021) ("Finally, I think courts depart from their proper role when they act as advocates for a defaulting defendant on an issue other than lack of subject matter

jurisdiction, frivolity, or, at least, manifest failure to state a claim."); *Kaplan v. Hezbollah*, 19-cv-3187 (BMC), at *5 (E.D.N.Y. June 21, 2022) ("[W]hen a defendant fails to appear, it deprives the court, and, more importantly, the plaintiff, of any of these options. It handicaps the plaintiff by depriving her of discovery that she would have had if the defendant had not defaulted. It requires the plaintiff to make her case for personal jurisdiction blindfolded. In other words, the defendant's non-appearance results in determination of the personal jurisdiction issue on less - and often far less - than a full record. And because it is a waivable defense decided on such a truncated record, it may create, in some cases, an unseemly impression that the court is acting to protect the defaulting defendant rather than the scope of its authority.").

Plaintiff respectfully requests for the opportunity to address personal jurisdiction in the context of a motion for default judgment or by briefing. By permitting Plaintiff to proceed in this manner, concerns regarding the party presentation principle will be avoided. In any event, Plaintiff submits that if she is permitted leave to file a Second Amended Complaint, Plaintiff will be better situated to address the factual and legal inquiries by the Court at an evidentiary hearing. Should the Court maintain its current position and require Plaintiff to submit an amended motion for preliminary injunction before she is in the posture to do so, Plaintiff requests that the Court permit her an extension of fourteen days from December 6, 2022 to submit it. During this time, Plaintiff may be better situated to determine how to proceed in light of any presumed ruling on Plaintiff's Motion for Leave to File Second Amended Complaint. Finally, the request is submitted in good faith and not for purposes of delay. No party will be prejudiced by the grant of Plaintiff's request.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court vacate its order requiring Plaintiff to submit an amended motion for preliminary injunction addressing personal jurisdiction upon sanction of dismissal [Doc. 40] and permit Plaintiff to address the issue in her forthcoming motion for default judgment or by briefing. In the alternative, should the Court require Plaintiff to file an amended motion for preliminary injunction addressing personal jurisdiction upon sanction of dismissal, Plaintiff respectfully requests an extension of fourteen days from December 6, 2022 to file.

Respectfully submitted this 6th day of December, 2022,

>*/s/ Lydia Pittaway*
>Fla. Bar No: 0044790
>Of Counsel, Ford Banister IP
>305 Broadway - Floor 7
>New York NY 10007
>Telephone: +1 212-500-3268
>Fax: +1 212-500-3269
>lpittaway@fordbanister.com
>*Attorney for Plaintiff*